IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES E. PATTERSON )
 )
v. ) No. 3:04-0586
 ) Magistrate Judge Brown
GEORGE "BUTCH" CAMPBELL, et al. )

**M E M O R A N D U M**

This case is pending before the undersigned for all further proceedings, pursuant to the consent of the parties and the order of District Judge Echols (Docket Entry Nos. 8, 10). Defendants have filed a motion for summary judgment (Docket Entry No. 21), to which plaintiff has responded. However, after reviewing the file, and for the reasons stated below, the Court finds that it lacks subject matter jurisdiction over this removed state court action, and will therefore remand the matter to state court on the Court's own motion. An appropriate Order will enter.

*I. The Pleadings*

Plaintiff, a Tennessee resident, filed his complaint in Rutherford County Circuit Court on May 25, 2004, alleging racial discrimination, harassment, and other wrongs under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 et seq., and also alleging various causes of action under state tort law against the Rutherford County Board of Education and George

1

"Butch" Campbell, both also Tennessee residents. (Docket Entry No. 1, attachment). That complaint alleges causes of action and requests relief solely under the THRA and other state law. However, in setting out the prior administrative proceedings at paragraph 35 of the complaint, it is alleged that "Plaintiff filed discrimination charges with the EEOC in November of 2003, and has received a right to sue letter from that agency, dated, Dec. 23, 2003 a copy of which is attached." While the next sub-heading following this description of prior agency action is entitled "Violations of State and Federal Law," the allegations that follow rely entirely upon the state law previously cited, without citing any federal statute, constitutional provision, or other federal law.

On July 1, 2004, defendants filed their notice of removal (Docket Entry No. 1). In support of this removal from state court, defendants alleged the following:

> 3. Plaintiff's Complaint asserts claims involving Federal questions by reference to her EEOC Charge and by asserting "Violation of State and Federal Law."
> 4. This District Court has original jurisdiction of all civil actions arising under the Constitution, Laws, or Treaties of the United States pursuant to 28 U.S.C. § 1331 and this case is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

Defendants then filed, in this court, an answer to plaintiff's state court complaint on July 9, 2004 (Docket Entry No. 5). In their response to plaintiff's allegation regarding

2

administrative proceedings, defendants admit that plaintiff filed an EEOC charge in November 2003, but deny that a copy of the alleged right to sue letter was attached to the complaint. (Id. at ¶ 35). Defendants proceed to plead, as an affirmative defense, that "[u]pon information and belief, and pending further investigation, ... Plaintiff's Complaint is barred by the applicable statute of limitations and Plaintiff's failure to timely file his Complaint." (Id. at ¶ 11 of "Additional Defenses").

After the current trial setting of May 16, 2006, was ordered (Docket Entry No. 18), the parties attempted to mediate this case at a judicial settlement conference, but were unsuccessful. Having completed their discovery, defendants filed their motion for summary judgment on November 15, 2005. This motion is fully briefed, although plaintiff has recently filed a motion to reopen discovery on his alleged psychological injuries (Docket Entry No. 50).

## II. Removal Jurisdiction

Section 1447 of the United States Code, Title 28, speaks to procedures following removal of an action from state court, and provides in pertinent part as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before*

3

> *final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.*

28 U.S.C. § 1447(c)(emphasis added). While under this statute plaintiff could clearly waive a procedural defect that would defeat removal jurisdiction, he cannot waive a lack of subject matter jurisdiction. <u>Callaway v. G.S.P., Inc.</u>, 793 F.Supp. 133, 134 (S.D. Tex. 1992)(citing <u>Baris v. Sulpicio Lines, Inc.</u>, 932 F.2d 1540, 1543 (5th Cir. 1991)). There being a lack of diversity in this case, defendants have pled the existence of a federal question which would have supported the court's original jurisdiction over plaintiff's complaint, based on the reference to his EEOC filing and a single subheading in the complaint proclaiming a violation of state and federal law. Plaintiff has not moved to remand this matter, but is apparently content to remain in federal court.

As noted above, plaintiff's failure to challenge removal cannot confer jurisdiction on this Court which it does not otherwise possess. <u>Medlin v. Boeing Vertol Co.</u>, 620 F.2d 957, 960 (3d Cir. 1980)(citing <u>American Fire & Cas. Co. v. Finn</u>, 341 U.S. 6, 17-18 (1951)). After examining the pleadings in this matter, the Court is convinced that it lacks subject matter jurisdiction.

"Federal jurisdiction is determined solely from the face of plaintiff's complaint." <u>Michigan Savings and Loan League</u>

4

v. Francis, 683 F.2d 957, 960 (6th Cir. 1982)(citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)). If plaintiff's well pleaded complaint does not raise an issue of federal law, then removal is not possible; "[a] federal claim does not exist simply because facts are available in the complaint to suggest such a claim." Scott v. Primedia, Inc., 2004 WL 1179329, at *1 (N.D. Tex. May 7, 2004).

In Scott, the district court was presented with a removed complaint which alleged discrimination under the Texas Commission on Human Rights Act ("TCHRA"). Id. Just as in the case at bar, Scott's complaint contained an allegation that she had filed a charge with the EEOC and received a right to sue letter. Id. at *2. Additionally, Scott's complaint alleged that the corporate defendant employed more than 500 persons, an allegation relevant to damages under federal discrimination law. Id. at n.3. In opposition to Scott's motion to remand the matter to state court, the defendants in that case argued, just as defendants here, that the proceedings before the federal agency referenced in the state court complaint justified its removal to federal court. Those defendants also argued that Scott's complaint could be determined to be reliant on federal law because it would not have been ripe for adjudication under the TCHRA at the time it was filed, but was timely under Title VII due to its filing within ninety days of Scott's receipt of the

5

EEOC's notice of suit rights.[1]  Id.

The Scott court rejected these arguments, finding that the plaintiff's well pleaded complaint was ambiguous at best with respect to its reliance on federal law, and that the mere hint of such reliance manifested by the allegations of federal agency proceedings is insufficient to support federal question jurisdiction.  Id.; see also Chavez v. McDonald's Corp., 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999)(holding that plaintiff had not alleged Title VII claim even though complaint alleged exhaustion of administrative remedies under Title VII, where he otherwise clearly alleged that his claims were based on the TCHRA or Texas common law).  As noted by the Scott court, ambiguity defeats removal: it is well established that removal jurisdiction must be strictly construed because it implicates important federalism concerns, and therefore any doubts concerning removal must be resolved in favor of remanding the case back to state court.  E.g., Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997); Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).

---

[1] It is noteworthy that the inverse is true in the case at bar: plaintiff's claim under the THRA appears to have been timely filed and ripe for adjudication, while any claim under Title VII would appear to be time-barred by the filing of the complaint on May 25, 2004, well over 90 days after the alleged receipt of plaintiff's right to sue letter in December 2003.

6

Consistent with Scott and many other authorities,[2] the Court finds it clearly established that the basis for removal in this case was deficient, and that subject matter jurisdiction over this case is lacking. Plaintiff's well pleaded complaint plainly alleges violations of state law, with nothing more than a bare reference to federal agency proceedings. While the disposition of his EEOC charge would have supported a claim under Title VII, plaintiff chose not to make that claim, timely or otherwise. While it is unfortunate that the case has progressed nearly to trial without this jurisdictional issue having been raised, the evidence discovered and the arguments presented on dispositive motion briefing would appear to be relevant and applicable to further proceedings in state court. In any event, this Court is simply powerless to proceed.

### III. Conclusion

As stated above, the Court lacks jurisdiction over this action, and remand to state court is required pursuant to 28 U.S.C. § 1447(c).

---

[2] E.g., Elliot v. LTD Direct Marketing, Inc., 1 F.Supp.2d 1031, 1033 (D. Ariz. 1997)("Direct or indirect references to Title VII in state causes of action do not transform those claims into federal causes of action."); Rains v. Criterion Systems, Inc., 80 F.3d 339, 346 (9th Cir. 1996)("When a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

7

An appropriate Order will enter.

 /s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge